**LAW OFFICE OF SAM A. SCHMIDT**
29 BROADWAY SUITE 1412
NEW YORK, N.Y. 10006
(212) 346-4666
FACSIMILE (212) 346-4668
e-mail lawschmidt@aol.com

**Sam A. Schmidt, Esq.**
_____

December 27, 2021

Honorable Eric R. Komitee, USDJ
United States Courthouse
225 Cadman Plaza East
Brooklyn, N.Y. 11201

        Re: *U.S. v. Tyreik Jackson*
           20 cr 476 (EK)

Dear Honorable Judge Komitee:

    On December 20, 2021, your Honor denied defendant's pro se motion to dismiss that was dated December 13, 2021 and received by the clerk on December 15, 2021pursuant to Rule 49 of the Federal Rules of Criminal Procedure. Mr. Jackson and I did not have an opportunity to discuss this motion prior its filing. The pandemic has made it difficult to regularly communicate. Upon learning that counsel would not be filing pretrial motions, Mr. Jackson filed the motion pro se.

    Pursuant to your Honor's scheduling order and Fed. R. Crim. P 12(b)(3)(B)(v), a motion to dismiss should have been filed by December 3, 2021. I respectfully request that your Honor consider this motion to dismiss.

    I have researched the issues presented by Mr. Jackson's pro se motion. The issue as to what constitutes ammunition is usually raised during trial regarding the request to charge or by motion pursuant to Rule 29(c) of the Federal Rules of Criminal Procedure ("Fed.R.Crim.P.") for a directed verdict of acquittal and pursuant to Fed.R.Crim.P. 33 for a new trial on the grounds that the proof at trial constituted both a variance from, and an amendment of, the indictment voted by the Grand Jury. However, I believe that it is not inappropriate to raise this issue

pretrial.[1]

The indictment charges Mr. Jackson with Possession of Ammunition as a Felon. The ammunition that he is alleged to have possessed are .32 caliber cartridge cases manufactured by Winchester Western Division Ammunition. A cartridge case is simply the casing of the cartridge and does not include the other parts that make it ammunition that is designed to be discharged by a firearm. It is also called the shelling casing.

Presently, whether a shell casing is "ammunition" is an open question in the Circuits. There have been two instances in which a court of appeals has heard the argument that a spent shell casing does not constitute ammunition for purposes of section 922(g). In both, the case was disposed of without the court addressing the issue. See *United States v. Thomas*, 765 F. App'x 553 (2d Cir. 2019) (unpublished); *United States v. Wilcher*, 744 F. App'x 604 (11th Cir. 2018) (unpublished).

Logically and typically, such prosecutions are for possession of "live ammunition." The statute defines ammunition to include: "cartridge cases . . . designed for use in any firearm", 18 U.S.C. § 921(a)(17)(A). As the Fourth Circuit held in *United States v. Royal*, "the 'designed for use in any firearm' language of section 921(a)(17)(A)'s definition of 'ammunition" is part and parcel of the definitional sentence. Consequently, it is the government's … burden to prove as an element of the offense that the rounds were 'designed for use in any firearm.'" 731 F.3d 333, 338, (4th Cir. 2013).

The phrase "designed for use" plainly referred to "the design of the manufacturer, not the intent of the retailer or customer. *See In Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc.¸*455 U.S. 489, 500 (1982), (the term "designed … for use" in the context of prohibited drug paraphernalia) ." *In Posters 'N' Things, Ltd. v. United States,* relying on *Hoffman Estates v. Flipside*, the Court held that term "designed for use" in a federal drug trafficking statute refers to an item's "objective characteristics." 511 U.S. 513, 518 (1994). Thus, if the government use of cartridge cases or shell casings refer to the recovered spent casings, then the indictment fails to properly state an offense for such is not

---

[1] I am filing this motion at this stage because of Mr. Jackson's strong preference that it be done now so as to avoid unnecessary conflict with my client.

2

"designed for use" as ammunition. because such casings are not designed for reused but are simply trash. A spent shell casing is not reused but are trash and poses no threat to public safety that would bring it within the purview of the statute.

  A spent shell casing can be compared with devices without any explosive charge or ability to harm anyone. Such devices have not been found to be "destructive devices" under the National Firearms Act, 26 U.S.C. § 5845(f). *See, e.g., United States v. Osuna*, 189 F.3d 1289 (10th Cir. 1999) (government conceded that "inert" grenades did not qualify as destructive devices); *United States v. Malone*, 546 F.2d 1182 (5th Cir. 1977) (no explosive material).

  Therefore, it is respectfully submitted that your Honor grant Mr. Jackson's motion to dismiss the indictment.

              Sincerely yours,

                /s/

              Sam A. Schmidt