

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

271 Cadman Plaza East
Brooklyn, New York 11201

EJD/BW
F. #2020R00908

August 11, 2022

<u>By ECF and Email</u>

The Honorable Eric R. Komitee
United States District Court
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    United States v. Tyreik Jackson
                Criminal Docket No. 20-476 (S-1) (ERK)

Dear Judge Komitee:

      The government respectfully submits this letter to request the sealing of Government Exhibit 16 ("GX 16"), which was submitted in connection with the government's sentencing memorandum in this case.

      GX 16 is a 40-minute video comprised of footage collected from various surveillance cameras located in the general vicinity of the Queensbridge Houses in Long Island City, Queens. The footage spans an approximately three-hour period on the evening of September 26, 2020. The footage depicts the defendant, the individual whom the defendant shot that evening ("the Victim"), a young person who was travelling with the Victim ("the Child") moments before he was shot, an adult woman who is associated with the Victim and the Child (the "Adult Woman") and numerous other unidentified individuals. To date, the identities of the Victim, the Child and the Adult Woman have not been revealed. The Court should seal GX 16 so as to protect the identities of the Victim, the Child and the Adult Woman, among other unidentified individuals in the video.

      "The Second Circuit has set out a three-step inquiry to determine whether nonpublic records and documents should be unsealed under the common law doctrine of open access. First, to determine whether a presumption of open access attaches, the court evaluates whether the documents at issue are indeed judicial documents. Second, the court considers the weight of that presumption. Third, the court balances that presumption against countervailing interests, such as the danger of impairing law enforcement or judicial efficiency and the privacy interests of those resisting disclosure." <u>United States v. Raniere</u>, No. 18-CR-204, 2021 WL 4522298, at *2 (E.D.N.Y. Oct. 4, 2021) (quotations and citations omitted) (quoting <u>Mirlis v. Greer</u>, 952 F.3d 51 (2d Cir. 2000); <u>Lugosch v. Pyramid Co. of Onondaga</u>, 435 F.3d 110 (2d Cir. 2006).

The government does contest that "a party's sentencing submission is a judicial document." Id. Further, while the government recognizes that "the 'weight' afforded to full public access will be heaviest when 'judicial documents' directly affect adjudication, including a court's sentencing decision,' United States v. Munir, 953 F. Supp. 2d 470, 475 (E.D.N.Y. 2013), the Second Circuit has long held that privacy interests "are a venerable common law exception to the presumption of access" and that "the privacy interests of innocent third parties should weigh heavily in a court's balancing equation." United States v. Amodeo, 71 F.3d 1044, 1050-1051 (2d Cir. 1995); see also Mirlis v. Greer, 952 F.3d 51, 61 (2d Cir. 2020) (quoting Amodeo). "In determining the weight to be accorded an assertion of a right of privacy, courts should first consider the degree to which the subject matter is traditionally considered private rather than public." Amodeo, 952 F.3d at 1051. Second, the court must consider "[t]he nature and degree of injury," which inquiry "will entail consideration not only of the sensitivity of the information and the subject but also of how the person seeking access intends to use the information." Id.

Here, the injury to the Victim, the Young Child and the Adult Woman would be severe. As the court is aware from prior filings, the defendant and his associates in the 8th Street Organization repeatedly threatened the Victim in the months preceding September 26, 2020, when the defendant shot the Victim. The Victim, in his letter submitted in connection with the defendant's sentencing, described his legitimate fear for his safety and for the safety of his family and loved ones. The public disclosure of GX 16 risks identifying the Victim and two of his loved ones, the Adult Woman and the Young Child, to the defendant and his associates within the 8th Street Organization. While the defendant may be unable to personally exact retribution against the Victim, the Adult Woman or the Young Child, the defendant's associates, who have previously threatened the Victim, remain at liberty and capable of exacting such retribution. Sealing GX 16 would protect both the privacy interests and the personal safety of these innocent third parties.

Courts within the Second Circuit have sealed documents in order to protect the privacy interests of victims and other innocent third parties. See, e.g., Mirlis, 952 F.3d at 67 (sealing deposition transcript to protect identity of minor third party sexual abuse victim); Doe v. Gooding, No. 20-CV-6569, at *4 (S.D.N.Y. July 29, 2021) (sealing documents that would reveal the identities of defendant's two putative rape victims); United States v. Follieri, No. 08-CR-850, 2009 WL 529544, at *2 (S.D.N.Y. Mar. 3, 2009) (noting that the court "has carefully protected the privacy of victims and ordered that the identity of victims and any identifying information should be sealed").

For the foregoing reasons, the Court should seal GX 16. In the alternative, the government requests permission to resubmit a redacted version of GX 16 that conceals the identities of the Victim, the Young Child and the Adult Woman.

Respectfully submitted,

BREON PEACE
United States Attorney

By: /s/
Emily J. Dean
Benjamin Weintraub
Assistant U.S. Attorneys
(718) 254-6120/6519

cc: Clerk of the Court (ERK) (by ECF)
Sam Schmidt, Esq. (by ECF and e-mail)